UNITED STATES DISTRICT COURT

Northern District of California

WALTER BROOKS,

                Plaintiff,

   v.

SAN FRANCISCO POLICE DEPARTMENT SERGEANT HAGGETT, Badge #16,

                Defendant.
_____/

No. C 07-2615 MEJ

**ORDER RE: MOTIONS IN LIMINE (DKT. ##137, 139, 160)**

## I. INTRODUCTION

Before the Court is Defendant John Haggett ("Defendant") and Plaintiff Walter Brooks' ("Plaintiff") motions in limine ("MIL"). (Dkt. ##137, 139, 160.) On October 7, 2010, the Court held a hearing on the matters. After consideration of the parties' papers and oral arguments, relevant legal authority, and good cause appearing, the Court ORDERS as follows.

## II. BACKGROUND

The instant case arises out of an incident which Plaintiff alleges occurred following his March 3, 2007 arrest. (Joint Status Statement ("JSS") 1:23, Dkt. #158.) On March 3, 2007, Plaintiff was arrested by San Francisco Police Officers Kevin Lee and Glenn Sherry, following a report of an auto burglary. *Id.* at 2:2-3. The officers transported Plaintiff to San Francisco Police Department ("SFPD") Southern Station, where he was placed in a holding cell. *Id.* at 2:4-5. Plaintiff gave the officers a false name and they spent a significant amount of time attempting to identify him. *Id.* at 2:5-6.

Defendant, present at the station during this time, was familiar with using the Personal Identification Device ("PID"), which allows officers to take an inkless fingerprint and run the print

against any matches in the SFPD database; the other officers were not familiar with the PID. *Id.* at 2:7-11. Officer Lee removed Plaintiff from his cell so Defendant could use the PID on Plaintiff, during which time Plaintiff alleges that Defendant wrenched his finger. *Id.* at 2:11-14. After being returned to his cell, Plaintiff alleges that Defendant entered the cell, stepped on his foot, and punched him in the face three times while asking him if he was a parolee at large and where he lived. *Id.* at 2:15-18. Plaintiff's witness, another detainee, supports Plaintiff's version of the events, while Defendant and the other officers present deny any interaction between Plaintiff and Defendant in the holding cell. *Id.* at 2:18-24.

Plaintiff filed suit in pro per on May 16, 2007 and amended his complaint on July 5, 2007. (Dkt. ##1, 10.) On March 5, 2008, the Honorable Judge Saundra Brown Armstrong, the presiding judge in the matter at that time, issued an order of service limiting Plaintiff's claims against Defendant. (Dkt. #28.) On June 25, 2009, Burke Hansen appeared on behalf of Plaintiff in this matter, and is now counsel of record. (Dkt. #93.) On July 19, 2010, the case was reassigned to the undersigned. (Dkt. #157.) Trial in this matter is now set to begin on Monday, December 13, 2010. (Dkt. #167.)

On June 29, 2010, Defendant filed nine MILs. (Dkt. #137.) Plaintiff filed an opposition on July 6, 2010 (Dkt. #144), and Defendant filed his reply on July 8, 2010 (Dkt. #145). On June 29, 2010, Plaintiff filed three MILs. (Dkt. #139.) On July 6, 2010, Defendant filed an opposition (Dkt. #142), and Plaintiff filed a reply on July 8, 2010 (Dkt. #146).

On August 4, 2010, Defendant filed a motion to exclude one of Plaintiff's witnesses, Arthur Luna. (Dkt. #160.) On October 4, 2010, Plaintiff filed a notice of non-opposition to Defendant's motion. (Dkt. #166.)

### III. DISCUSSION

**A.    Motion to Exclude Arthur Luna**

As stated above, Defendant filed a motion to exclude one of Plaintiff's witnesses, Arthur Luna. (Dkt. #160.) However, as Plaintiff filed a notice of non-opposition to Defendant's motion, (Dkt. #166), the Court GRANTS Defendant's motion to exclude.

2

**B.     Defendant's MILs**

      1.     <u>MIL No. 1</u>

In his first MIL, Defendant moves to exclude at trial any evidence or argument related to previous complaints, investigations, or allegations of misconduct against him in unrelated incidents. (Def.'s MIL 2:3-7, Dkt. #137.) Defendant also moves to exclude any newspaper articles which mention him. *Id.* Defendant states that Plaintiff intends to focus this case on Defendant's character, rather than the incident at issue, and thus seeks to exclude all character evidence which he deems irrelevant and unduly prejudicial, including past complaints or investigations regarding possible misconduct by Defendant, past lawsuits against Defendant, and any news articles which discuss Defendant. *Id.* at 2:8-17.

In his opposition to Defendant's MIL No. 1, Plaintiff argues that he should be entitled to present evidence in the form of a San Francisco Chronicle article in which Defendant was profiled as an abusive police officer. (Pl.'s Opp'n 2:4-6, Dkt. #144.)[1] This article, Plaintiff maintains, is relevant to Defendant's character and public reputation and is admissible as evidence of habit. *Id.* at 2:7-9.

         *a.     Legal Standard*

Federal Rule of Evidence ("FRE") 403 provides that relevant evidence may be excluded if the danger of unfair prejudice substantially outweighs any probative value. Permitting a jury to hear complaints in an officer's personnel file presents a grave danger of unfair prejudice. *Carter v. District of Columbia*, 795 F.2d 116, 131 (D.C. Cir. 1986).

FRE 404(b) provides that evidence of prior acts is not admissible to show conduct in conformity with those acts. "Character evidence is normally not admissible in a civil rights case." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). In *Gates*, a civil rights case resulting in a shooting death, the issue was whether the officer's use of force was excessive. *Id.* The court held that the officer's prior conduct did not bear on the issue of excessive force. *Id.*

---

[1] Plaintiff's second page is numbered as page 1 and his first page is not numbered. The Court will refer to the first page as page 1, and so on.

3

1   Finally, FRE 406 provides that evidence of habit may be relevant to prove that conduct on a
2   particular occasion conforms with an individual's habit or routine practice.  "[B]efore a court may
3   admit evidence of habit, the offering party must establish the degree of specificity and frequency of
4   uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather,
5   conduct that is 'semi-automatic' in nature. *Simplex, Inc. v. Diversified Energy Systems*, *Inc.*,  847
6   F.2d 1290, 1293 (7th. Cir. 1988).

         *b.*  *Application to the Case at Bar*

8   Here, it is clear that any complaints, allegations, or investigations regarding Defendant's
9   previous conduct are inadmissible not only because such evidence would be unduly prejudicial, but
10  also because such evidence is irrelevant.  *See Tan v. City & County of San Francisco*, C 08-1564
11  MEJ, 2010 WL 726985, at *2-3 (N.D. Cal. 2010) (excluding evidence and argument related to
12  complaints, investigations, or allegations of misconduct against the defendant officers, except if used
13  solely for purposes of impeachment).  Plaintiff has offered no argument to the contrary.  In fact,
14  Plaintiff only opposes Defendant's motion to exclude the San Francisco Chronicle Newspaper
15  article, arguing that the article is habit evidence.  (Pl.'s Opp'n 2:7-9, Dkt. #144.)  In his reply,
16  Defendant argues that such evidence would be hearsay and inadmissible as evidence of habit.
17  (Def.'s Reply 3:23-24, 4:14-15, Dkt. #145.)

18  Newspaper articles are hearsay under FRE 801(d) and are inadmissible unless they fall under
19  an exception to the hearsay rule.  *Logan v. City of Pullman*, 392 F. Supp. 2d 1246, 1253 (E.D. Wash.
20  2005).  Plaintiff concedes that newspaper articles are hearsay and argues that they may be offered to
21  prove anything other than the truth of the matter asserted.  (Pl.'s Opp'n 2:1-3, Dkt. #144.)  Plaintiff
22  maintains that he is not seeking to use the article for its truth, but rather, to establish evidence of
23  habit.  *Id.* at 2:7-9.  However, Plaintiff has failed to establish that the articles are admissible as
24  evidence of habit and further, he appears to be offering them to prove the truth of the matter
25  asserted.  Plaintiff offers newspaper articles which discuss several incidents involving Defendant
26  spanning over 15 years.  (Hansen Decl. Ex. A, Dkt. #144-1.)  Five incidents over a 15 year time span
27  does not illustrate uniformity of response which would establish that such responses by Defendant
28

4

1 are semi-automatic. *Simplex, Inc.*, 847 F.2d at 1293. Further, Plaintiff admits in his opposition that
2 the newspaper articles are relevant to Defendant's character, which is, by definition, irrelevant.
3 (Pl.'s Opp'n 2:7-9, Dkt. #144.) Accordingly, the articles are not only inadmissible hearsay, but are
4 also inadmissible character evidence offered to prove conduct in conformity.

5       Based on the foregoing, the Court GRANTS Defendant's MIL No. 1 in its entirety. Plaintiff
6 will be barred from introducing any evidence or testimony of complaints or allegations of
7 Defendant's previous acts, investigations into such acts, or newspaper commentary discussing such
8 acts. While this evidence may be proper if offered only for impeachment, Plaintiff is admonished
9 that he may not open the door to such impeachment questions by asking at trial any questions about
10 prior complaints or allegations of Defendant's misconduct.

11     2.   <u>MIL No. 2</u>

12       In his second MIL, Defendant moves to exclude evidence or argument regarding any
13 incidents of alleged misconduct not related to the incident in question. (Def.'s MIL 4:13-14, Dkt.
14 #137.) Defendant maintains that the Court should not allow Plaintiff to raise any allegations of
15 police misconduct, such as the shooting of Oscar Grant, the SFPD "videogate" episode, "Fajitagate,"
16 Rodney King, and other similar incidents, because such evidence is irrelevant and would be unduly
17 prejudicial. *Id.* at 4:16-20.

18       Plaintiff does not oppose Defendant's MIL No. 2.

19       Reference to any such incident has no probative value regarding the instant matter, and
20 would create an unfair prejudice to Defendant as contemplated by FRE 403. Accordingly, the Court
21 GRANTS Defendant's MIL No. 2.

22     3.   <u>MIL No. 3</u>

23       Next, Defendant moves to exclude witnesses, documents, and any other evidence which
24 Plaintiff failed to disclose in discovery. (Def.'s MIL 4:21-22, Dkt. #137.) Defendant states that
25 Plaintiff never served initial disclosures on him and only learned of the two witnesses Plaintiff
26 planned to call at trial in Plaintiff's responses to interrogatories. *Id.* at 4:24-5:16. Defendant further
27 states that Plaintiff never produced any documents supporting his contention that Defendant used
28

5

1  excessive force, despite numerous requests. *Id.* Defendant requests that the Court not allow
2  Plaintiff to call witnesses beyond those identified in Plaintiff's interrogatory responses unless used
3  solely for impeachment purposes. *Id.* at 5:18-19. Defendant also asks the Court to exclude from
4  trial any document that Plaintiff should have, but did not, produce in discovery. *Id.* at 5:19-20.
5       Plaintiff does not oppose Defendant's MIL No. 3.
6       Federal Rule of Civil Procedure ("Rule") 26(e)(1) mandates that a party must supplement
7  disclosures or responses in a timely manner as information is learned. Further, Rule 37(c) provides
8  that a party may not use evidence at trial that it failed to supply under Rule 26(e) unless the failure
9  was substantially justified or harmless.
10      As Plaintiff offers no argument which would indicate that his failure to produce discovery is
11 justified, the Court GRANTS Defendant's MIL No. 3.
12      4.     <u>MIL No. 4</u>
13      In his fourth MIL, Defendant moves to exclude any evidence regarding any physical injury
14 to Plaintiff, other than his own testimony about his symptoms while he was incarcerated at County
15 Jail. (Def.'s MIL 8:1-3, Dkt. #137.) Defendant argues that Plaintiff has not identified any experts in
16 this case, and thus he should be precluded from offering any expert medical testimony at trial. *Id.* at
17 6:3-7. Defendant maintains that, because Plaintiff has not disclosed any experts, he cannot offer any
18 testimony as to his symptoms or injuries after his three-month detention in County Jail because there
19 is no expert testimony that those symptoms were caused by the incident in question. *Id.*
20      Plaintiff offers no argument in response.
21      Rule 26(a)(2)(A) provides that a party must disclose any witness who will offer testimony or
22 present evidence at trial under FRE 702. FRE 702 provides that a witness qualified as an expert by
23 knowledge, skill, experience, training, or education, can offer an opinion based on scientific,
24 technical, or other specialized knowledge if it will assist the trier of fact. The disclosure of an expert
25 must be accompanied by the expert's written report discussing his or her qualifications, opinions,
26 and information relied upon in forming those opinions. Fed. R. Civ. P. 26(a)(2)(B). Pursuant to
27 Rule 37(c), if a party fails to disclose the above information or witness, that party is barred from
28

6

1  using the information or witness to support his or her position at trial.

2  Here, Plaintiff did not disclose any treating physicians or nurses, as experts or in any other
3  capacity. (Def.'s MIL 7:9-11, Dkt. #137.) Thus, Defendant maintains that he had no way to
4  ascertain the identity of any medical professional Plaintiff might rely on to support his claim. *Id.* at
5  7:11-12. Plaintiff complained of symptoms three months after the incident, after being transferred to
6  prison up until the present, and Defendant argues that since he has no expert medical testimony to
7  support these complaints, all testimony regarding these symptoms must be excluded. *Id.* at 7:25-8:3.
8  Defendant concedes that Plaintiff should be permitted to testify to the symptoms he discussed at his
9  deposition, including pain and a lump on his nose, trouble breathing, and headaches. *Id.* at 6:9-17.

10  As Plaintiff failed to disclose any treating doctors or nurses and failed to disclose any
11  medical expert, pursuant to Rule 37(c) he may not offer any evidence or testimony beyond that
12  regarding the immediate symptoms he testified to at his deposition. Plaintiff does not oppose this
13  motion and accordingly, the Court GRANTS Defendant's MIL No. 4.

14  5. <u>MIL No. 5</u>

15  In his fifth motion in limine, Defendant moves to exclude any wage loss claim by Plaintiff,
16  because in his response to Defendant's interrogatory, Plaintiff stated that he has not experienced any
17  loss of income or earning capacity as a result of the incident. (Def.'s MIL 8:4-15, Dkt. #137.)

18  Plaintiff does not oppose this motion and thus, the Court GRANTS Defendant's MIL No. 5.

19  6. <u>MIL No. 6</u>

20  Next, Defendant moves to exclude any testimony or argument about events which occurred
21  after his alleged use of force. *Id.* at 8:16-17. In response, Plaintiff maintains that the other events
22  which occurred are relevant and evidence Defendant's state of mind during the incident in question.[2]
23  (Pl.'s Supp. Opp'n 2:1-12, Dkt. #168.)

24  28 U.S.C. § 1915A provides that where a prisoner files suit seeking legal redress from a

---

[2] Plaintiff did not originally oppose this motion. However, at the October 7, 2010 hearing on the matter, the Court solicited Plaintiff's position on Defendant's MIL No. 6 and ordered Plaintiff to file an opposition, which he did on October 11, 2010. (Dkt. #168.)

7

1  governmental entity or officer, the court is required to conduct a screening, identify any cognizable
2  claims, and dismiss any claims that are frivolous, malicious, or fail to state a claim entirely.  Here,
3  Judge Armstrong conducted such a screening and found that Plaintiff stated an excessive force claim
4  against Defendant, but failed to state a *Monell* claim or any claim tied to the verbal harassment
5  which Plaintiff alleges occurred when Defendant was in the holding cell with him.  (*Order of
6  Service and Addressing Pending Motions* 4:25-5:4, Dkt. #28.)

7  In his complaint, Plaintiff alleged that Defendant verbally harassed him after allegedly
8  punching him three times, and also alleged that he was later assaulted by another inmate as a result
9  of Defendant's alleged verbal harassment.  (Pl.'s Compl. p.3, Dkt. #1.)  However, the Court ruled
10 that none of these claims were actionable.  (*Order of Service and Addressing Pending Motions* 5:2-
11 4, Dkt. #28.)  Defendant claims that, because there is no viable cause of action related to the alleged
12 verbal harassment, any testimony about the interaction between Plaintiff and Defendant following
13 the three alleged punches would be irrelevant to any issue in the case, confusing to the jury, and
14 therefore must be excluded.  (Def.'s MIL 8:23-9:2, Dkt. #137.)

15 In response, Plaintiff maintains that Defendant twisted his finger when taking his fingerprint
16 and told other detainees present in the holding cell that Plaintiff was a sex offender and that they
17 should "take care of him," and argues that, though not actionable, the events are relevant as evidence
18 of Defendant's state of mind at the time of the incident.  (Pl.'s Supp. Opp'n 2:1-5[3], Dkt. #168.)
19 Plaintiff further argues that Defendant's statements are not hearsay as they qualify under the state of
20 mind and excited utterance exceptions to the hearsay rule.  *Id.* at 2:7-9.  Plaintiff contends that the
21 finger bending and the comments are relevant in that they provide support for his version of the
22 events.  *Id.* at 2:10-12.

23 Preliminarily, the Court notes that the statement Plaintiff seeks to admit is not hearsay.
24 While it is an out of court statement, it is not being offered to prove its truth — that Plaintiff is a sex
25 offender — but rather, it is being offered to support Plaintiff's version of the facts, that Defendant

---

[3]Plaintiff's second page is numbered as page 1 and his first page is not numbered.  The Court will refer to the first page as page 1, and so on.

assaulted him. *Id.* at 2:7-12. The Court finds the alleged statements relevant and admissible. Testimony is relevant where it tends to make a fact of consequence more or less probable. Fed. R. Evid. 401. The action at bar hinges on whether Defendant assaulted Plaintiff, and testimony that Defendant twisted Plaintiff's finger before the incident and uttered such words directly after the incident may be seen to make the alleged use of force more or less probable. Thus, Plaintiff's testimony about the finger bend, which allegedly occurred prior to the incident, and Defendant's statements in the cell, which allegedly occurred directly after, are relevant and admissible.

In his reply, Defendant contends that a limiting instruction is necessary to avoid jury confusion. (Def.'s Reply 2:20-22, Dkt. #169.) The Court agrees. Accordingly, the Court will consider Defendant's proposed limiting instruction, and will give such an instruction at trial when appropriate.[4]

Of course, Defendant will have the opportunity to testify and deny that he ever made those statements or that he ever twisted Plaintiff's finger. Accordingly, the Court DENIES Defendant's MIL No. 6.

7.  MIL No. 7

Next, Defendant moves to exclude certain testimony by Plaintiff's percipient witness, Vadim Marmer. (Def.'s MIL 9:3-6, Dkt. #137.) Defendant states that he believes Marmer may offer an opinion as to whether the force used by Defendant was excessive, arguing that such testimony is properly in the realm of expert testimony and should be excluded. *Id.* at 9:5-8. Defendant maintains that Marmer may also attempt to offer an opinion, as he did during his deposition, that Defendant is a bad police officer who acted outside his authority. *Id.* at 9:9-11. Defendant argues that such testimony should be excluded because not only would it be improper lay opinion, but it would also be hearsay, inadmissible character evidence, unfairly prejudicial and lacking foundation. *Id.* at 9:11-

---

[4] In his reply, Defendant also requests a limiting instruction in the event that the Court allows testimony about Plaintiff allegedly being slapped by a fellow prisoner. (Def.'s Reply 4:18-20, Dkt. #169.) However, Plaintiff is not seeking to introduce testimony on this point, and because the Court finds that any such testimony would be irrelevant, the Court will not allow testimony or evidence on this point.

9

15.

Plaintiff offers no argument in response. Further, as previously discussed, Plaintiff produced no discovery and identified no expert witnesses.

FRE 702 provides that an expert witness may offer an opinion as to his or her specialized knowledge based on experience or training where that knowledge will assist the trier of fact in understanding the evidence. Testimony regarding the appropriateness of force used by a police officer is within the realm of expert testimony. *See Tan v. City and County of San Francisco*, 2010 WL 726985, at *4-5 (N.D. Cal. 2010).

Considering there is no opposition, Marmer has no experience which would qualify him as an expert, and pursuant to Rule 702, the Court GRANTS Defendant's MIL No. 7.

8.  MIL No. 8

In his eighth MIL, Defendant moves to exclude any evidence or argument regarding policies, training, or disciplinary rules of the City and County of San Francisco, as the Court dismissed Plaintiff's *Monell* claim in its order of service. (Def.'s MIL 9:16-21, Dkt. #137.)

Plaintiff does not oppose this motion, and because Plaintiff does not have a *Monell* claim, the Court GRANTS Defendant's MIL No. 8.

9.  MIL No. 9

In his final MIL, Defendant moves to bifurcate the issues of liability and damages, and states that the parties have stipulated to bifurcation. *Id.* at 9:22-27.

Accordingly, the Court GRANTS Defendant's ninth MIL. The trial will proceed in two phases; the first phase will proceed on liability and damages, followed by a punitive damages phase if necessary.

**C.  Plaintiff's MILs**

1.  MIL No. 1

In his first MIL, Plaintiff moves to exclude or limit evidence or reference to his criminal history, including prior arrests, use of illicit drugs, commission of crimes, any other similar conduct, and video footage or still photography of Plaintiff engaged in any of the above. (Pl.'s MIL 2:12-19,

10

Dkt. #139.)[5] Plaintiff contends such evidence or testimony should be excluded pursuant to FRE 403 and FRE 404(a). *Id.*

In response, Defendant states that he intends to introduce evidence of Plaintiff's felony convictions to attack his character for truthfulness and to contest his damages claims, and intends to introduce evidence of Plaintiff's criminal record to explain to the jury Plaintiff's motives for bringing suit. (Def.'s Opp'n 2:2-5, Dkt. #142.) Defendant also states that he has no photographs or video of Plaintiff engaged in the commission of crimes and does not seek to introduce such evidence. *Id.* at fn.1.

FRE 403 requires that the trial court balance the probative value of relevant evidence against the possibility of unfair prejudice, confusion of the issues, or misleading the jury, and then determine whether the probative value of the evidence outweighs its possible prejudice.

Subject to the FRE 403 balancing test, evidence that a witness has been convicted of a felony is admissible for the purpose of attacking the character or propensity for truthfulness of the witness. Fed. R. Evid. 609(a)(1). Further, evidence that a witness has been convicted of any crime which involves an act of dishonesty or a false statement is admissible regardless of FRE 403. Fed. R. Evid. 609(a)(2). However, evidence of a conviction more than ten years old is inadmissible unless the court determines that "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

"Generally, crimes of violence, theft crimes, and crimes of stealth do not involve 'dishonesty or false statement' within the meaning of [R]ule 609(a)(2) . . . . [unless] the crime was actually committed by fraudulent or deceitful means." *U.S. v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982). For example, the Ninth Circuit has held that bank robbery is not a per se crime of dishonesty under Rule 609(a)(2). *U.S. v. Brackeen*, 969 F.2d 827, 828 (9th. Cir. 1992). However, prior convictions for drug offenses are probative of a witness' veracity. *U.S. v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997). Rule 609(a)(2) contemplates those crimes which involve an element of misrepresentation or

---

[5]Plaintiff's second page is numbered as page 1 and his first page is not numbered. The Court will refer to the first page as page 1, and so on.

11

indicate the witness' propensity to lie. *Glenn*, 667 F.2d at 1273.

In his response, Defendant offers several arguments as to why Plaintiff's convictions and criminal history should be admitted into evidence. The Court will address each argument in turn.

### *a.     Plaintiff's Convictions During the Last Ten Years*

Defendant states that, within the last ten years, Plaintiff has been convicted of the following felonies: auto burglary in 2001, lewd act on a child under fifteen years of age and false imprisonment in 2004, and second degree burglary in 2007. (Def.'s Opp'n 3:13-17, Dkt. #142.) Defendant contends that Plaintiff has subjected his testimony to scrutiny of his credibility. The Court agrees.

Regarding Plaintiff's burglary convictions, it is unclear whether they were "committed by fraudulent or deceitful means" and thus, the Court must determine whether the probative value of the convictions outweighs their potential prejudice. If, upon cross-examination, Plaintiff were to deny having ever committed a felony, the Court finds that it would not be overly prejudicial for Defendant to admit Plaintiff's burglary convictions as impeachment evidence. The fact of those convictions as impeachment evidence would not unfairly prejudice Plaintiff in the eyes of the jury. However, counsel may only question Plaintiff as to the fact of the conviction, and not the details, *unless* the details bear directly on the witness' credibility. *Wilson v. City of Chicago*, 6 F.3d 1233, 1237 (7th Cir. 1993). Considering that Plaintiff was arrested for auto burglary prior to the incident at issue here[6], those convictions may be admitted for purposes of impeachment.

However, the Court arrives at the opposite conclusion regarding Plaintiff's conviction for lewd acts on a child under fifteen and the accompanying false imprisonment charge, as well as any reference to Plaintiff's status as a "sex offender." Such information is almost certain to result in unfair prejudice to Plaintiff, which outweighs the nominal bearing it would have on his credibility. *U.S. v. Larsen*, 596 F.2d 347, 348 (9th Cir. 1979).

Thus, the Court finds that, as to Plaintiff's felony convictions within the last ten years,

---

[6]*See* discussion, *infra*.

12

Defendant may impeach Plaintiff only with his burglary convictions.

        *b.*      *Whether Plaintiff's Convictions and Prior Police Contacts Are Relevant to His Damages Claim*

            *i.*      *Plaintiff's Prior Police Contacts*

Regarding Plaintiff's motion to exclude evidence of his prior police contacts, Defendant argues that these interactions which did not result in conviction should be admitted to undermine Plaintiff's argument that the alleged incident with Defendant caused him distress and to suffer nightmares and fear of the police. (Def.'s Opp'n 6:16-21, Dkt. #142.)

In *Halverson v. Baird*, 146 F.3d 680, 686-87 (9th Cir. 1998), the court admitted, over the plaintiff's objection, evidence that he had been admitted to a detox facility in instances other than the one at issue. The court held that evidence that the plaintiff had been admitted to the detox facility prior to the incident at issue was highly relevant to the plaintiff's damages claim because the plaintiff was claiming mental distress as a result of his involuntary hold in the detox facility and the defendant argued that his mental distress as a result of confinement would be far less than the previous times he was admitted to the facility. *Id.* at 686. The court reasoned that "[i]f a person's damages are 'I was extremely upset by the event,' then evidence of similar events before and after the one at issue may support an inference that part or all the distress was attributable to the other events." *Id.* The court stated that the above reasoning could be analogized to a personal injury case "in which evidence that pain and suffering was entirely attributable to one injury may be challenged by evidence that the plaintiff suffered injuries to the same part of the body both before and after the one at issue, to which part or all the pain and suffering could be attributed." *Id.* at 686-87.

However, if a court admits evidence of other police encounters or arrests, such evidence must be accompanied by a limiting instruction to the jury that they consider such evidence only for the purposes of damages. *Peraza v. Delameter*, 722 F.2d 1455, 1457 (9th Cir. 1984); *Green v. Baca*, 226 F.R.D. 624, 657 (C. D. Cal. 2005).

Defendant maintains that Plaintiff should not be allowed to blame his anxiety on the alleged interaction with Defendant because Plaintiff's other interactions with the police were significant

13

1  contributing factors.  (Def.'s Opp'n 7:11-13, Dkt. #142.)  As discussed at the October 7, 2010
2  hearing, the Court agrees with Defendant.  Plaintiff has put his mental state at issue here, and he is
3  correct in his argument that it is up to the jury to determine what amount of Plaintiff's emotional
4  distress can be attributed to the incident at issue.  However, Defendant is correct in pointing out that
5  the jury cannot decide how much distress to attribute to a particular incident in a vacuum.
6  Accordingly, subject to a limiting instruction that the information can be used only in determining
7  Plaintiff's damages, Defendant can elicit testimony that Plaintiff has a history of prior police
8  encounters.

### ii.  *Plaintiff's Conviction for Lewd Acts and False Imprisonment*

Defendant next argues that Plaintiff's 2004 felony conviction for lewd acts on a child fifteen years of age or less, already found to be highly prejudicial, should be admitted to explain why Plaintiff experiences the symptoms he will testify to at trial.  (Def.'s Opp'n 3:25-4:2, Dkt. #142.)  Plaintiff has no medical expert, and he will testify that his damages from the alleged assault are nightmares, anxiety, agitation, and a disinterest in socializing.  *Id.*  Defendant's expert, Dr. Mark Strassberg, examined Plaintiff while he was in prison and will testify to his findings at trial.  *Id.* at 4:3-10.  Dr. Strassberg intends to testify that Plaintiff's feelings of being unsafe in prison and symptoms of anxiety result not from the alleged incident, but from the fact that Plaintiff is a sex offender and was disassociating from a prison gang while he was last in custody.  (*Id.* at 4:11-20; Higgins Decl., Ex. A ¶. 5, 24-26, Dkt. #143.)

At the October 7, 2010 hearing, Plaintiff again stressed how prejudicial his status as a sex offender will be in the eyes of the jury.  While the Court is sympathetic to that argument, it agrees with Defendant that, because Plaintiff is claiming emotional distress damages, it is important that the jury hear about other factors which affect his psyche, including his status as a sex offender and disassociated prison gang member.  Accordingly, while the prior conviction for this offense may not be introduced to impeach Plaintiff, as the Court stated at the hearing, Dr. Strassberg may testify regarding Plaintiff's statements and the Court will issue a limiting instruction to the jury so that it may only consider this information as it pertains to Plaintiff's damages claim.

14

         *c.*     *Plaintiff's Convictions Prior to 2000*

Next, Defendant argues that Plaintiff's felony convictions in 1987, 1992, 1993, and 1994 for burglary and his 1990 and 1995 convictions for receiving stolen property should be admitted as probative of Plaintiff's propensity for truthfulness. (Def.'s Opp'n 422-5:5, Dkt. #142.)

Evidence of a conviction which does not involve an act of dishonesty and which is more than ten years old is inadmissible unless the court determines that "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). As stated above, burglary is not generally considered a crime reflecting on veracity. *Glenn*, 667 F.2d at 1273. However, Defendant argues that after *Glenn*, the Ninth Circuit indicated that burglary is a crime which does reflect on veracity. (Def.'s Opp'n 3:20-23, Dkt. #142.) Defendant cites to *U.S. v. Givens*, 767 F.2d 574, 579 (9th Cir. 1985), in support of his argument. In *Givens*, the issue was whether the trial court properly considered whether the probative value outweighed potential prejudice in admitting the defendant's robbery, attempted robbery, and assault with a deadly weapon convictions which were less than ten years old. The Ninth Circuit found that the trial court had not abused its discretion in determining that the probative value outweighed the prejudicial effect of admitting the convictions under FRE 609(a)(1). *Id.* at 580. This was not, as Defendant contends, an analysis under FRE 609(a)(2).

The question of which crimes implicate a witness' veracity for FRE 609(a)(2) purposes has often been discussed by the Ninth Circuit. In *U.S. v. Ortega*, 561 F.2d 803, 806 (9th Cir. 1977), the court quoted from the legislative history to clarify the issue:

> By the phrase 'dishonesty and false statement' the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

Thus, it is clear that burglary does not fall within the parameters discussed above. Further, Defendant has provided no evidence to show that the crime was committed by fraudulent or deceitful means, thus bearing on Plaintiff's veracity and making the older felony burglary convictions admissible for impeachment purposes. *Glenn*, 667 F.2d at 1273. Accordingly,

Plaintiff's burglary convictions prior to 2000 are inadmissible.

As to Plaintiff's convictions for receiving stolen property, the Court finds that they are also inadmissible as they do not bear on Plaintiff's propensity for truth. *U.S. v. Foster*, 227 F.3d 1096, 1100 (9th Cir. 2000). The Ninth Circuit has indicated that this crime may *suggest* a lack of veracity, though not as clearly as those crimes actually falling within FRE 609(a)(2). *U.S. v. Field*, 625 F.2d 862, 872 (9th Cir. 1980). However, the court later stated that receiving stolen property is not a per se crime of dishonesty because it can be accomplished without any misrepresentation or deceit. *Foster*, 227 F.3d at 1100. Defendant has offered no evidence which would convince the Court that these previous convictions were the result of a crime committed using fraudulent or deceitful means; thus, these convictions are also inadmissible.

### d. *Plaintiff's Seven Felony Convictions between 1987 and 1999*

Defendant next argues that Plaintiff's felony convictions between 1987 and 1999 should be admissible, arguing that Plaintiff lied about their number in his deposition. (Def.'s Opp'n 5:6-11, Dkt. #142.) Defendant asserts that, for purposes of assessing his credibility, the jury should know that Plaintiff lied under oath about the number of his felony convictions. *Id.*

The relevant excerpt from Plaintiff's deposition is as follows:

> Q: Okay. So you have eight felony convictions? A: Yes. But they are — I have eight. There may be another — another unauthorized use of a motor vehicle and another auto burglary. But that's the extent of my criminal history. Q: Okay. So a total of eight felony convictions. A: Yes. Q: And are those all in either San Francisco or Alameda County? A: Yes. Q: Okay. Did you ever have a trial in any of these cases? A: No. Q: Okay. So you pled to every charge? A: Yes. Q: Okay. So the other four that you haven't identified for me that occurred someplace between 1987 and 1995 were related to either unauthorized use of a motor vehicle or burglary? A: Or auto burglary. Yes.

(Higgins Decl., Ex. B, 206:2-21, Dkt. #143.) Defendant claims that Plaintiff has a total of ten felony convictions, not the eight he testified to, and argues that the jury is entitled to know about these convictions because Plaintiff lied about their number. (Def.'s Opp'n 5:9-11, Dkt. #142.)

A somewhat similar but distinguishable situation arose in *Young v. American Reliable Ins. Co.*, 1999 WL 600393, at *3 (E. D. La. August 9, 1999). There, the plaintiffs sought to introduce evidence of the defendant's misdemeanor convictions falling within the ten years preceding the civil

16

action. *Id.* The court found that the convictions were not relevant to the case, but because the defendant lied about them in his deposition, the court stated that it would allow the plaintiffs to establish at trial that the defendant lied about being convicted of certain crimes in his deposition, and would allow the plaintiffs to refer to the crimes generically by stating each date upon which the defendant had committed one of the misdemeanors he lied about. *Id.*

However, this situation is factually inapposite. Plaintiff was not lying in his deposition about the crimes he committed — he only got the number wrong. In fact, he testified that he had eight and that there might be two more. (Higgins Decl., Ex. B, Dkt. #143.) This is not a case of Plaintiff denying that he was convicted of crimes. As the Court discussed at the October 7, 2010 hearing, Defendant's argument is a leap the Court is unwilling to take. Accordingly, the Court will not allow Defendant to introduce these convictions for impeachment purposes.

Alternatively, Defendant contends that Plaintiff's "lie under oath" is admissible pursuant to FRE 608(b). (Def.'s Opp'n 5:20-21, Dkt. #142.) FRE 608(b) provides that, on cross-examination, a witness may be impeached with specific instances of conduct probative of his or her untruthfulness. However, as discussed above, the Court does not find that Plaintiff lied about the number of his felony convictions and thus his deposition testimony cannot be considered a specific bad act.

Accordingly, the Court finds that none of Plaintiff's felony convictions between 1987 and 1999 are admissible under this theory.

### e. *Whether Plaintiff's Prior Convictions Establish Motive*

In his final attempt to enter into the record each of Plaintiff's prior convictions, Defendant argues that Plaintiff's prior convictions establish his motive for bringing suit against Defendant. (Def.'s Opp'n 6:5-6, Dkt. #142.) Defendant's argument proceeds as follows: Plaintiff gave a false name to his arresting officers, and it was Defendant who was eventually able to identify him. *Id.* at 6:6-7. Plaintiff brought this lawsuit because he is angry at Defendant for identifying him, uncovering his lengthy criminal record, and sending him back to prison. *Id.* at 6:7-10. Thus, Defendant maintains that evidence about Plaintiff's criminal record is necessary to establish to the jury why Plaintiff brought this lawsuit against an officer who did not arrest him. *Id.* at 6:11-13.

17

Defendant cites no law here, so the Court will presume that Defendant's discussion of "motive" implicates FRE 404(b). FRE 404 bars admission of character evidence to prove that the act in question was conduct similar to other acts by the party. However, FRE 404(b) allows evidence of crimes, wrongs or acts for purposes other than to show conduct in conformity, specifically, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."

Here, the Court finds that Defendant's attempt to stretch the meaning of "motive" falls short. FRE 404(b) contemplates admission of evidence to show the motive for the underlying act committed, rather than a motive for bringing suit. *See e.g. U.S. v. Hattabaugh*, 295 Fed. Appx. 249, 250 n.2 (9th Cir. 2008). Accordingly, Plaintiff's prior convictions are not admissible under this theory.

Based on the foregoing, the Court DENIES IN PART and GRANTS IN PART Plaintiff's MIL No. 1 as follows. Defendant may introduce Plaintiff's 2001 and 2007 burglary convictions only for the purposes of impeachment. Defendant's expert may refer to Plaintiff's status as a sex offender and disassociated prison gang member as well as his prior criminal history, subject to a limiting instruction to the jury that it only consider the evidence as relevant to Plaintiff's damages claim. As to the prior convictions and police contacts not specifically addressed here, Plaintiff's MIL No. 1 is GRANTED.

2.  MIL No. 2

Next, Plaintiff moves to exclude evidence that he was under the influence of cocaine or engaged in any other type of criminal activity in the hours preceding the alleged assault. (Pl.'s MIL 3:3-9, Dkt. #139.) Plaintiff argues that Defendant did not know that he was under the influence, and thus cannot use the information in an attempt to justify the use of force. *Id.* at 3:9-11. Plaintiff further argues that the reason for his arrest and the fact that he was under the influence is irrelevant to whether Defendant struck him in the face while he was handcuffed to a bench. *Id.* at 3:11-13.

In response, Defendant argues that evidence of Plaintiff's criminal activity on the night of the incident is relevant and admissible to explain why Defendant became involved in the incident.

(Def.'s Opp'n 9:1-9, Dkt. #142.) Defendant maintains that it will be impossible to explain at trial why he became involved in identifying Plaintiff without presenting evidence and testimony as to why Plaintiff was in custody and the fact that he gave officers a false name. *Id.* at 9:19-24. Defendant further argues that Plaintiff's conduct just prior to his arrest undermines his credibility and is relevant for the purposes of impeaching his credibility. *Id.* at 9:26-27.

As previously discussed, FRE 608(b) provides that a witness may be impeached with specific instances of conduct probative of his or her untruthfulness. The Court can think of nothing more probative of untruthfulness than providing a false name to officers pursuant to an arrest. Accordingly, Defendant may present evidence and testimony regarding the events surrounding Plaintiff's arrest on the night of the incident.

In response to Plaintiff's motion to exclude evidence that he was under the influence of cocaine during the incident, Defendant offers two arguments. First, Defendant contends that Plaintiff lied at his deposition, stating that he had not consumed any illegal drugs prior to the incident, but that his medical records indicate that he informed nurses on the night of the incident that he had been consuming crack for 30 straight days. (Def.'s Opp'n 10:4-10, Dkt. #142.) Thus, Defendant seeks to introduce Plaintiff's drug use to attack his credibility. *Id.* Defendant has not submitted and the Court has not reviewed this portion of Plaintiff's deposition or his medical records. However, if Plaintiff did lie at his deposition about being under the influence, this evidence is admissible to impeach him.

Next, Defendant argues that Plaintiff's drug consumption is admissible to undermine his ability to perceive and recollect what happened on the night of the incident. *Id.* at 10:11-15. Defendant maintains that he is entitled to attack Plaintiff's ability to accurately perceive and recollect events, and states that he will do so with evidence that Plaintiff was under the influence. *Id.* The Court agrees with Defendant. Plaintiff's drug use is relevant to whether he accurately recalls the incident. *See* Fed. R. Evid. 401. Accordingly, the Court DENIES Plaintiff's MIL No. 2.

3.     MIL No. 3

In his final MIL, Plaintiff moves, as has Defendant, to exclude witnesses and evidence not

disclosed by Defendant in discovery. (Pl.'s MIL 4:9-12, Dkt. #139.) In response, Defendant argues that he opposes Plaintiff's motion only to the extent that Plaintiff seeks to exclude witnesses and exhibits that will be used solely for impeachment.

Defendant is not required to disclose information that will be used for the purposes of impeachment. Fed. R. Civ. P. 26(a)(1). Accordingly, Plaintiff's MIL No. 3 is GRANTED, except to the extent that it seeks to exclude witnesses and exhibits offered solely for impeachment.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby:

(1) GRANTS Defendant's MIL Nos. 1-5 and 7-9;

(2) DENIES Defendant's MIL No. 6;

(3) GRANTS IN PART and DENIES IN PART Plaintiff's MIL No. 1, as discussed above;

(4) DENIES Plaintiff's MIL No. 2;

(5) GRANTS Plaintiff's MIL No. 3; and

(6) ORDERS the parties to appear for a final pretrial conference on December 9, 2010, as trial in this matter is set to begin the following Monday, December 13, 2010.

**IT IS SO ORDERED.**

Dated: October 21, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge